**Frank FARINA, Plaintiff,**

v.

**COMPANIA SUD AMERICANA DE VAPORES, also known as Chilean Line, Defendant and Third-Party Plaintiff,**

v.

**ROBERT C. HERD, INC., Third-Party Defendant.**

**No. 66 Civ. 386.**

United States District Court

S. D. New York.

April 2, 1968.

Zimmerman & Zimmerman, by Martin Lassoff, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, by Dermott Ryan, New York City, for defendant.

Fogarty & Nielsen, by Dennis Connolly, New York City, for third party.

CANNELLA, District Judge.

The third party defendant's application, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for an order vacating the service of the summons and complaint in this action on the ground that it was not effected within this district, is denied.

The plaintiff is a longshoreman who alleges that he was injured in New York on January 4, 1966 while working aboard the S.S. "Maipo" a vessel owned by the defendant. The plaintiff has instituted an action against the owner of the vessel alleging that his injuries were caused by the defendant's negligence and unseaworthiness of the vessel.

The defendant, as third party plaintiff, impleaded Robert C. Herd & Co., Inc., the stevedore who loaded the vessel in Baltimore, Maryland, by filing a summons and third party complaint and directing the Marshal in the Southern District of New York to forward copies of said summons and third party complaint to the Marshal in Baltimore, Maryland who effected service on Robert C. Herd & Co., Inc. The third party defendant has moved to vacate service of this summons and complaint on the ground that it was not effected within this District or the territorial limits of this state.

The Federal Rules of Civil Procedure by Rule 4(e) and Rule 4(f) allow a party not an inhabitant of the state, or found therein, to be served with a summons in the manner and under the circumstances prescribed by state statute. United States v. First National City Bank, 379 U.S. 378, 85 S.Ct. 528, 13 L. Ed.2d 365 (1965); United States v. Montreal Trust Co., 35 F.R.D. 216 (S.D. N.Y.1964). Under § 302(a) (3) (ii) of the New York Civil Practice Law and Rules, commonly known as a "long-arm statute", personal jurisdiction may be exercised over a "non-domiciliary" who "commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he * * * expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce * *."

This court finds that the third-party defendant in this action satisfies the requirements of this "long-arm statute" and that service was validly effected on it.

So ordered.